## Commonwealth *vs.* Patrick M. Fitzgerald.

If a witness for the government, in an indictment for selling intoxicating liquor, after testifying to a purchase from the defendant, has stated that he purchased no other liquor on that day and had no other, and evidence is offered in defence to show that he was seen to procure some at another place on the same day, no exception lies to a ruling of the judge that the evidence is incompetent as a mere contradiction of the witness, but competent if offered to prove that the sale was identical with the one testified to, or if offered with other evidence to show that the witness bought and drank to such an extent as to become incapable to testify.

INDICTMENT for being a common seller of intoxicating liquor. At the trial in the superior court, William Tanner, a witness for the Commonwealth, testified to a purchase of liquor from the defendant, in his tent upon a camp-field, and that he purchased no other liquor and had no other on that day. The defendant offered evidence to prove that the witness was seen to procure liquor at another tent on the same day, but *Lord*, J. excluded it, as a mere contradiction of the witness's testimony that he did not buy elsewhere ; but ruled that " it was competent and would be admitted if offered to prove that the sale was identical with the one testified to, or if offered with other evidence to show that the witness bought and drank to such an extent as to become incapable to testify." The defendant was convicted, and alleged exceptions.

*C. Allen,* for the defendant.

*Foster,* A. G., for the Commonwealth.

BIGELOW, C. J. The evidence offered was clearly incompetent for the purpose of contradicting and discrediting the witness Tanner. The fact that he bought intoxicating liquor at another place on the same day on which the alleged sale was made to him by the defendant was irrelevant and immaterial to the issue, and had no tendency to prove or disprove the guilt of the defendant. It therefore came within the well settled rule that evidence is inadmissible to contradict the testimony of a witness on an immaterial fact, although such fact may have been drawn out by the examination in chief. 1 Greenl. Ev. § 449. *Commonwealth* v. *Buzzell,* 16 Pick. 157, 158.

The purposes for which the evidence was competent were correctly stated by the court at the trial, and the defendant had an opportunity to introduce it with a limitation as to its effect which was legitimate and appropriate. It was certainly competent for the defendant to show that the witness had been drinking to such excess as to impair his ability to see and understand what was passing before him at the time, and to recollect it afterwards, so as to testify intelligibly and with accuracy. To this extent, he was permitted by the court to offer evidence. We do not understand that the ruling of the court confined the defendant to proof of total incapacity in the witness to testify to the facts which he was offered to prove; but it was left open to him to show either total or partial intoxication, as tending to prove the witness to be unworthy of credit in stating facts which occurred when he was in such a condition. This ruling imposed no unreasonable burden on the defendant.

*Exceptions overruled.*